Argued June 30, dismissed July 21, 1914.

## CHASE *v.* OREGON CITY.

(143 Pac. 629.)

**Eminent Domain—Proceedings—Collateral Attack.**

1. The jurisdiction and regularity of proceedings to condemn a street which is to connect with a proposed bridge and passenger elevator cannot be tried out in proceedings to punish a violation of an order enjoining the construction of the bridge and elevator as a nuisance.

> [As to pendency of suit for damages for unlawful entry on land as bar to condemnation proceedings, see note in Ann. Cas. 1913D, 601.]

**Injunction—Violation—What Constitutes.**

2. After the condemnation of a street to connect with a proposed bridge and passenger elevator, the location, opening and improvement

of the street are not in disregard of an order enjoining the construction of the bridge and elevator as a nuisance.

[As to remedies of property owners for damages accruing after condemnation, see note in 5 Am. St. Rep. 537.]

Original proceeding in Supreme Court.

This proceeding is by Sarah A. Chase against the city of Oregon City and the Oregon Bridge & Construction Company for contempt of court in violating a temporary writ of injunction. The facts involved in this proceeding are stated in the opinion of the court.                                    DISMISSED.

*Mr. Joseph E. Hedges* and *Mr. Charles D. Latourette,* for plaintiff.

*Mr. Christian Schuebel,* for defendants.

Department 2. MR. JUSTICE EAKIN delivered the opinion of the court.

This is an original proceeding for contempt against the officers of Oregon City. During the year 1912 Oregon City was authorized by vote to construct a passenger elevator to transport passengers from the business portion of the city to an elevation of about 100 feet up on to the bluff in the residence portion of the city. The city was proceeding to locate and construct the elevator with a bridge or trestle from the top of the elevator shaft on to the bluff, and selected the location for the elevator on lower Seventh Street, the bridge therefrom to land on the bluff between Sixth and Seventh Streets extended on land claimed by the plaintiff. On April 9, 1913, the city, by resolution, directed the city engineer to make and file a survey and plat of a street on plaintiff's land along the top of the bluff from Seventh Street to Sixth Street

72 Or.—8

to connect with the landing of the bridge, which he did; and the council adopted the report and attempted to proceed according to the charter to condemn the right of way therefor, and appointed viewers to assess the damages resulting to property owners. In the attempt by the viewers to assess the damages and benefits resulting from the condemnation they allowed to plaintiff as damages to her property the sum of $1,500. She appeared at the hearing before the viewers, and, being dissatisfied with the assessment of the damages in her favor, appealed therefrom to the Circuit Court, and the trial of the question of damages in the Circuit Court resulted in a verdict and judgment in her favor and against the city for $1,600 and costs, which amount the city tendered to her. On October 16, 1913, she commenced a suit to enjoin the city and its officers from proceeding with the construction of said elevator and bridge, alleging that it would be a nuisance upon her property. A temporary injunction was granted. The city, after tendering the amount of the damages allowed her in the proceeding to condemn the street, proceeded with the location, opening and improvement thereof from Seventh to Sixth Streets on and northwesterly or west of block 34 and upon land belonging to her, which acts of the officers and their employees constitute the contempt of which she complains as being in violation of the injunction order of the Circuit Court. The contempt proceeding is submitted on the motion and affidavit filed by her and the answer thereto. Defendants rely upon the fact that their acts charged to be in disobedience of the injunction order were in taking possession of the condemned ground for the proposed street, and not in the performance of any acts enjoined by the injunction order. Plaintiff's ground of

complaint in the equity suit against the construction of the elevator and bridge is that the erection thereof will place the south end of the bridge on her property and thereby create and maintain a continuing trespass and nuisance, and without authority take part of her property, obstruct the view from her premises, greatly depreciating the value of her property, and be to her an irreparable damage. The purpose of that suit was to prevent the building of the elevator and bridge therefrom to the bluff, which contemplates acts separate from, and independent of, the condemnation proceeding for a street, except that the bridge is to land on property claimed by her included in the street. At the time the suit was commenced the proceeding to condemn the way for a street had been commenced and the damages to plaintiff had been assessed, and the attempted condemnation was not mentioned in the suit.

1. Petitioner urges that the description of the street is so indefinite as to be void for any purpose. We think that the description is not so indefinite as to render the proceeding void. The matter was before the council with the engineer's survey of the proposed street for the purpose of locating a street on block 34, owned by the plaintiff, and to include the ground between block 34 and the edge of the bluff. The engineer was not as technical as he should have been in describing the survey. He should have given the course from the starting point, instead of saying 45 degrees to the right from High Street to the beginning of the curve, and should have set his compass on it and told us in what direction he was working. If there should arise a doubt in regard to the location of the west line of High Street, then the whole survey

would be thrown in doubt. However, beginning at the northeast corner of block 34, the proposed street being between that block and the bluff, there can be no uncertainty that the surveyor's face was to the westward, and 45 degrees to the right from High Street could be only to the westward; and, for the same reason, the arc of the circle would necessarily be toward the northwest. But we think that is not an issue that can be tried out in this proceeding. The jurisdiction and regularity of condemnation proceedings should be tried out by writ of review or some direct proceeding for that purpose, but is not necessary to be determined here.

2. It does not appear that the acts complained of were in disregard of the injunction order, and the proceeding should be dismissed.

It is so ordered.                                    DISMISSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY concur.